ORIGINAL

# United States Court of Federal Claims

No. 17-2000C

Filed: July 26, 2018

FILED

JUL 26 2018

U.S. COURT OF
FEDERAL CLAIMS

| | )
|---|---|
| DIANE S. BLODGETT, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## OPINION AND ORDER

**SMITH**, Senior Judge

On December 18, 2017, plaintiffs, proceeding *pro se*, filed their Complaint with this Court, seeking various forms of relief. Plaintiffs' Complaint asserts, *inter alia*, that the government has violated the Bankruptcy Code, the Internal Revenue Code, and the Employee Retirement Income Security Act of 1974, and that that the government has committed a Fifth Amendment Takings Claim and committed various torts against plaintiffs.

### I.   Background

*Pro se* plaintiffs, Diane Blodgett and Tom Lingenfelter, raise claims stemming from an action brought by the Federal Trade Commission ("FTC") in the early 1990's. Complaint (hereinafter "Compl.") at 6. In August 1991, the FTC brought suit against T.G. Morgan ("TGM") and its president for violations of the prohibitions against deceptive practices under the Federal Trade Commission Act, 15 U.S.C. § 45(a) (2006). *In re T.G. Morgan, Inc.*, 175 B.R. 702, 703 (Bankr. D. Minn. 1994). The FTC charged and convicted Michael Blodgett, Diane Blodgett's husband and TGM's president, of fraud. *Lingenfelter v. Stoebner*, 2005 WL 1225950, at *1 (D. Minn. May 23, 2005). Michael Blodgett, TGM, and TGM's principals agreed to place TGM's assets into a "Settlement Estate" for the purpose of reimbursing its victims. *Id.*

The Final Judgement, issued March 4, 1992, appointed a receiver to liquidate assets within the Settlement Estate. *FTC v. T.G. Morgan*, 1992 WL 88162, at *5 (D. Minn. Mar. 5, 1992). TGM and Mr. and Mrs. Blodgett irrevocably transferred all assets contained in the Settlement Estate to the FTC. *Id.* at *4. During these proceedings, TGM's creditors filed an

involuntary bankruptcy suit against TGM. *Lingenfelter*, 2005 WL 1225950 at *1. TGM was subsequently forced into bankruptcy, and, despite protests from TGM's principals, the Bankruptcy Court transferred the Settlement Estate assets to TGM's bankruptcy estate. *Id.* In its Final Judgement, the Bankruptcy Court found that Mrs. Blodgett and Mr. Lingenfelter had no claims against the estate. *Id.* In the case at bar, plaintiffs appear to seek the assets that were irrevocably transferred to the FTC and then subsequently transferred to TGM's bankruptcy estate. Compl. at 14.

In the 25 years since the origin of the FTC matter in 1991, plaintiffs have filed numerous lawsuits against many defendants in a variety of courts. One of the most recent and significant iterations was in *Lingenfelter*, where Tom Lingenfelter and other parties, including Diane Blodgett, raised similar claims. *Lingenfelter*, 2005 WL 1225950, at *1. That cause of action was dismissed with prejudice by the presiding judge. *Id.* at *7.

On December 18, 2017, plaintiffs filed the current Complaint with this Court. Compl. at 1. Plaintiffs seek relief through Rule 60(b)(6) of the Rules of the Court of Federal Claims ("RCFC") for prior judgments that were allegedly entered wrongfully through various torts, conspiracies, and schemes. Compl. at 57.

On March 13, 2018, the government filed a Motion to Dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(1) and 12(b)(6). Defendant's Motion to Dismiss (hereinafter "MTD") at 1, 4. First, the government argues that that this Court lacks jurisdiction over plaintiffs' contract, statutory, and tort claims. *Id.* at 5-7. Next, the government asserts that plaintiffs fail to state a plausible Fifth Amendment takings claim. *Id.* at 8-9. Finally, the government asserts that plaintiffs' claims are barred by the applicable statute of limitations. *Id.* at 9-10.

Plaintiffs' filed their Response to defendant's Motion to Dismiss on April 18, 2018, arguing that RCFC 60(b)(6) allows this Court to overlook the government's arguments for dismissal. Plaintiffs' Response to Motion to Dismiss (hereinafter "P's Resp.") at 7. Plaintiffs believe that "[RCFC] 60(b)(6) is triggered by either egregious affirmative schemes or new rules of law." *Id.* at 1. Furthermore, plaintiffs believe that RCFC 60(b)(6), once triggered, will permit this Court to overturn judgments, despite jurisdictional and statutory time limits, so long as a justification for relief exists. *Id.* at 3. The government filed its reply in support of its Motion to Dismiss on April 25, 2018. This case is now fully briefed and ripe for review.

## II. Standard of Review

This Court's jurisdictional grant is primarily defined by the Tucker Act, which provides this Court the power "to render any judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases *not sounding in tort*." 28 U.S.C. § 1491(a)(1) (2012) (emphasis added). Although the Tucker Act expressly waives the sovereign immunity of the United States against such claims, it "does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Rather, in order to fall within the scope of the

2

Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part).

In determining whether subject-matter jurisdiction exists, the Court will treat factual allegations in the complaint as true and will construe them in the light most favorable to the plaintiff. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). Further, pleadings from *pro se* plaintiffs are held to more lenient standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This leniency, however, does not extend to saving a complaint that lies outside of this Court's jurisdiction. "Despite this permissive standard, a *pro se* plaintiff must still satisfy the court's jurisdictional requirements." *Trevino v. United* States, 113 Fed. Cl. 204, 208 (2013), *aff'd*, 557 F. App'x 995 (Fed. Cir. 2014) (citations omitted). *Pro se* or not, the plaintiff still has the burden of establishing by a preponderance of the evidence that this Court has jurisdiction over its claims. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

### III. Discussion

Plaintiffs claim that the FTC, upon accepting the December 1991 Settlement Agreement, breached its contractual obligations. Compl. at 2. Plaintiffs' contract claim rests on the belief that a contract was created between the FTC and the parties, which was breached when plaintiffs' assets were transferred to the bankruptcy estate. Plaintiffs further assert that the FTC owed a fiduciary duty related to the assets from the original FTC and bankruptcy matters, and that the breach of that duty caused plaintiffs' to suffer losses. Compl. at 794. However, it should be noted that plaintiffs surrendered all rights to the assets in question. *T.G. Morgan*, 1992 WL 88162, at *4. Specifically, the Final Judgment and Order for Permanent Injunction stated the following:

> It Is Further Ordered that the Defendants and the non-party spouse of Defendant [Diane Blodgett] . . . hereby transfer to the [FTC], *irrevocably and without the possibility of reversion to themselves or to any entity owned or controlled by them*, any and all title, ownership, rights, interests, and options, present or future, that they, or any entity owned or controlled by them . . . .

*T.G. Morgan*, 1992 WL 88162, at *4-5 (emphasis added) (including a list of assets that have been omitted). As such, no contract claim exists over which this Court has jurisdiction.

Plaintiffs allege that their assets were improperly seized and committed to the Bankruptcy Estate. Compl. at 267-68. This bankruptcy claim appears to focus on the fact that they did not consent to the involuntary bankruptcy. P's Resp. at 10. Additionally, plaintiffs state that "the involuntary bankruptcy filing was in bad faith under 11 U.S.C. § 303 [(2016)]." Compl. at 120. Alternatively, plaintiffs claim that a fiduciary duty was breached in the original bankruptcy proceeding. Compl. at 794. Claims brought under 11 U.S.C. § 303 are governed by 28 U.S.C. §§ 151 and 1334. 28 U.S.C. §§ 151 (1984), 1334 (2005). Both sections establish that district courts shall have original and exclusive jurisdiction over all cases arising under Title 11. *Id.* As such, this Court has no jurisdiction over those claims.

Plaintiffs next contend that the United States violated the Internal Revenue Code ("IRC"). Compl. at 12. As best as this Court can discern, plaintiffs' IRC claim is a civil action against the FTC on the grounds of allegedly unauthorized collection actions. Compl. at 161. In *Ledford v. United States*, the Court of Appeals for the Federal Circuit held that claims for damages arising out of allegedly unlawful tax collection activities must be brought "exclusively before a district court of the United States." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002). Moreover, the Court specified that, as it pertains to unlawful tax collection activities, "[t]he Court of Federal Claims is not a district court of the United States, and therefore it lacks subject-matter [jurisdiction]." *Id.* Therefore, this Court is barred from considering plaintiffs' IRC claims.

Additionally, plaintiffs argue that the FTC settlement violated their rights under the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1001 (1978) ("ERISA"), and that the Final Judgement "violated multiple Supreme Court rulings . . . as to ERISA's anti-alienation clause and TGM ERISA § 13.04." Compl. at 7-8. The plain language of 28 U.S.C. § 1501 states, "[t]he [U.S.] Court of Federal Claims shall not have jurisdiction [over] any claim for a pension." *Howell v. United States*, 127 Fed. Cl. 775, 788 (2016) (referencing 28 U.S.C. § 1501 (2012)). Claims asking the federal government "to intervene and compel private employers to pay the pensions allegedly due to plaintiffs, or for the government to pay the pensions in place of the private employers, lie outside the subject[-]matter jurisdiction of this [C]ourt and are dismissed." *Id.*

Plaintiffs' final claims allege that the FTC, in the original 1991 TGM proceeding, committed a Fifth Amendment taking "'without just compensation' of personal property." Compl. at 33. This Court must evaluate a Fifth Amendment takings claim under a two-part test; the first prong requires plaintiff to establish a property interest, and, if plaintiff fails, this Court need not look further. *Pucciariello v. United States*, 116 Fed. Cl. 390, 414 (2014). As plaintiffs clearly transferred their interest in the assets at issue to the FTC "irrevocably and without the possibility of reversion to themselves or to any entity owned or controlled by them," no such property interest exists.

Even if this Court did have jurisdiction over plaintiffs' claims, the complaint is barred by the statute of limitations. Under the Tucker Act, Claims filed in this Court are subject to a strict six-year statute of limitations, which begins when each claim first accrues. 28 U.S.C. §2501. As plaintiffs' claims all stem from the 1991-1992 FTC matter, logically this Court may infer that plaintiffs were aware of the existence of their claims at the issuance of the Final Judgment. As such, this Court lacks the requisite jurisdiction to examine plaintiffs' claims.

As a catch-all, plaintiffs seek relief under RCFC 60(b)(6), asserting that the Rule expands both the jurisdiction of this Court, as well as the mandatory six-year statute of limitations under the Tucker Act. Compl. at 6. Under RCFC 60(b), relief may be granted from a final judgment, order, or proceeding for a "reason that justifies relief." RCFC 60(b)(6). This Court finds no such reason here. Furthermore, "[t]he Supreme Court has indicated that RCFC 60(b)(6) should be applied only in 'extraordinary circumstances.'" *Progressive Indus., Inc., v. United States*, 888 F.3d 1248, 1255 (Fed. Cl. 2018) (citing to *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S.

847, 863, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).  The Court will not endeavor to apply it now.

### IV.  Conclusion

For the reasons set forth above, defendant's MOTION to dismiss is **GRANTED**.  The Clerk is directed to enter Judgment in favor of defendant, consistent with this opinion.  Additionally, it is **ORDERED** that the Clerk is directed to accept no further filings or complaints related to the claims in the case at bar from Diane Blodgett or Tom Lingenfelter, without an order granting leave to file such filings from the Chief Judge of the United States Court of Federal Claims.  In seeking leave to file any future documents, Mrs. Blodgett and Mr. Lingenfelter must explain how their submission raises new matters properly before this Court.  *See* RCFC 11(b)-(c) (barring the filing of unwarranted or frivolous claims that have no evidentiary support).

**IT IS SO ORDERED.**

_____
Loren A. Smith
Senior Judge